1 | **STUBBS ALDERTON & MARKILES, LLP**
MICHAEL A. SHERMAN (SBN 94783)
2 | masherman@stubbalderton.com
DAVID S. GUBMAN (SBN 66047)
3 | David.gubman@gmail.com
15260 Ventura Boulevard, 20th Floor
4 | Sherman Oaks, CA 91403
Tel.: (818) 444-4500
5 | Fax: (818) 444-4520

6 | [Additional Counsel Listed on Signature Page]
Attorneys for Plaintiffs, LORENA ARMIJO, et al.
7 |
**SEYFARTH SHAW LLP**
8 | D. WARD KALLSTROM (SBN 76937)
wkallstrom@seyfarth.com
9 | KEVIN J. LESINSKI (SBN 110862)
klesinski@seyfarth.com
10 | JONATHAN A. BRAUNSTEIN (SBN 227322)
jbraunstein@seyfarth.com
11 | 560 Mission Street, 31st Floor
San Francisco, CA 94105
12 | Tel.: (415) 397-2823
Fax: (415) 397-8549
13 |
Attorneys for Defendants, ILWU-PMA WELFARE PLAN,
14 | MICHAEL H. WECHSLER, ROBERT L. STEPHENS and
JAMES C. MCKENNA
15 |
**LEONARD CARDER LLP**
16 | CHRISTINE S. HWANG (SBN 184549)
17 | chwang@leonardcarder.com
ELEANOR MORTON (SBN 220407)
18 | emorton@leonardcarder.com
LINDSAY R. NICHOLAS (SBN (273063)
19 | lnicholas@leonardcarder.com
1188 Franklin Street, Suite 201
20 | San Francisco, CA 94109
Tel.: (415) 771-6400
21 | Fax: (415) 771-7010

22 | Attorneys for Defendant, ILWU-PMA WELFARE PLAN

23 | **HUMBERT LAW OFFICES**
C. MARK HUMBERT
24 | markh@lifehealthlaw.com
220 Montgomery Street, Suite 1068
25 | San Francisco, CA 94104
Tel.: (415) 837-5435
26 | Fax: (415) 837-0127

27 | Attorneys for Defendant, ZENITH AMERICAN
SOLUTIONS, INC.
28 |

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL;
[PROPOSED] ORDER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA ARMIJO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ILWU-PMA WELFARE PLAN, et al.,<br><br>　　　　Defendants. | Case No. 2:15-cv-1403-MWF (MRWx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; ORDER**<br><br>Date Action Filed: 9/4/15 |

　　　In the interest of ensuring an efficient and prompt resolution of the above entitled action and of protecting confidential information from improper disclosure, Plaintiffs Lorena Armijo, Kristen Andrich, Mathew Jurevich, Linda Scognamillo, Kathleen Mitchell, Marcella Armijo, Ralph Mayer, M.D., Inc., Oscar I. Leal, M.D., a Professional Corporation, Beverly Hills Laser and Surgical Center, Inc., John Bohm, M.D., and Karapet Dermendjian, Inc., (collectively "Plaintiffs") and Defendants, ILWU-PMA Welfare Plan (the "Plan"), Michael H. Wechsler, Robert L. Stephens, James C. McKenna (collectively the "Trustees"), and Zenith American Solutions, Inc., ("Zenith") (herein collectively referred to as the "Parties"), by and through their counsel of record, hereby stipulate to the following Protective Order, subject to approval and entry of order by the Court pursuant to Federal Rule of Civil Procedure 26(c):

　　　1. Definitions:

　　　　　a)　"Action" means the above-captioned case pending in this Court, including any related discovery, pretrial, trial, post-trial or appellate proceeding.

　　　　　b)　"Confidential Health/Identifying Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things

2

that relate to or describe information supplied in any form, or any portion thereof, that specifically identifies a Plan participant or beneficiary and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, or the provision of health care to such individual. Confidential Health/Identifying Material consists of: medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests for information or documentation related to a Plan participant or beneficiary, as well as any summaries or compilations of the information contained in these documents, to the extent that such documents includes information that independently constitutes Confidential Health/Identifying Material such as a Plan participant or beneficiary's social security number. Confidential Health/Identifying Material is intended to encompass all documents or information regarding individuals subject to the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), or other similar statutory or regulatory privacy protections. Confidential Health/Identifying Material is limited to records that contain any of the following Unredacted participant, patient, or member identifiers:

    i.    Names;

    ii.    all geographic subdivisions smaller than a City, including street address and zip code;

    iii.    all elements of dates (except year) for dates directly related to

                an individual, including birth date, admission date, discharge date, age, and date of death;

    iv.    telephone numbers;

    v.    fax numbers;

    vi.    electronic mail addresses;

    vii.    social security numbers;

    viii.    medical record numbers;

    ix.    account numbers;

    x.    certificate/license numbers;

    xi.    vehicle identifiers and serial numbers, including license plate numbers;

    xii.    web universal resource locators ("URLs") specific to a participant or beneficiary;

    xiii.    internet protocol ("IP") address numbers specific to a participant or beneficiary;

    xiv.    biometric identifiers, including finger and voice prints;

    xv.    full face photographic images and any comparable images; and

    xvi.    any other unique identifying number, characteristic, or code.

c)    "Confidential Business Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that reflect information of a proprietary business or confidential nature and which the Designating Person (including any Party, TC3, or ICM) does not reveal to competitors, potential competitors or third parties other than under compulsion in a court or other proceeding, or which the Designating Person (including any Party, TC3 or ICM) causes third parties to maintain in confidence, or documents and/or information that

any of the Parties reasonably believe to constitute or contain trade secrets, proprietary information, confidential research, development, testing, or commercial information, or other similar information that is entitled to protection pursuant to the California Uniform Trade Secrets Act or any equivalent law or rule of any other applicable jurisdiction (a "Trade Secret"). "Confidential Business Material" consists of: private or confidential data about specific customers or employees, or former customers or employees, of the Designating Party, the Designating Party's vendors, or other related entities; documents and/or information concerning aspects of the Designating Party, the Designating Party's vendors', or other related entities' business that is entitled to protection as a Trade Secret; documents and/or information concerning the relevant entity's finances to the extent such information constitutes a Trade Secret; and any summaries or compilations of the information contained in the aforementioned documents, but only to the extent that such summaries or compilations themselves include Unredacted Confidential Business Material or constitute Trade Secrets.

d) "Confidential Material" shall mean Confidential Health/Identifying Material and/or Confidential Business Material.

e) "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Order.

f) "Material" shall mean all documents, electronically stored information, testimony and discovery responses, including all copies, excerpts, and summaries thereof, relating to this case.

g) "Order" shall refer to this Stipulated Protective Order.

h) "Party" or "Parties" mean any named party to this action, including all counsel and their support staff.

5

i) "Person" shall refer to and include:

    i. all Parties to the Action; and

    ii. any other person or entity receiving, producing or disclosing Material in the Action.

j) "Plan" shall refer to the ILWU-PMA Welfare Plan.

k) "Producing Person" or "Producing Party" shall mean and refer to a Person (including a Party) that produces Material in the Action.

l) "Receiving Person" or "Receiving Party" shall mean and refer to a Person (including a Party) that receives Material from a Producing Person or Producing Party.

m) "Redacted" when used with reference to Confidential Material shall mean redactions or modifications which are sufficient to cause the Confidential Material to cease to be Confidential, such as by redacting a Person's name, social security number or other identifying data. When data has been Redacted, each such redaction shall bear a notation that the data has been redacted.

n) "TC3" shall refer to TC3 Health, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

o) "Unredacted" shall refer to Confidential Material that could be, but has not been, redacted.

p) "Zenith" shall refer to Zenith American Solutions and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

q) "ICM" shall refer to Innovative Care Management, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

2. This Order shall govern the handling of all Confidential Material produced during the course of the Action voluntarily, or in response to any discovery request made pursuant to the Federal Rules of Civil Procedure, or as required or permitted by Court order. The provisions of this Order shall apply to any Party to this Action or any other Person or entity that produces Confidential Material during the course of this Action.

3. All Unredacted Confidential Material shall be used only for purposes of preparing for and conducting the Action, including any appeals thereof, and shall not be used by the Parties (other than the Producing Person) for any other purposes. The Court reserves the right to modify this Order for good cause shown.

4. All Material produced in the Action, if such Material contains Confidential Material, shall bear a stamp stating "Confidential" on each page of any such document or on a sticker affixed to any such tangible thing. In the case of electronically stored information produced in native format, the material may be designed by including "CONFIDENTIAL" in the file or directory name, or by affixing the CONFIDENTIAL legend onto the media containing the Material (e.g., CDROM, thumb drive, DVD). It shall be the responsibility of the Producing Person to cause all Confidential Material to be designated by the time such Confidential Material is disclosed. Any copies, excerpts, summaries or other documents reflecting or referring to the Confidential substance or contents of Confidential Material other than in Redacted form shall be designated as Confidential in accordance with this Order.

5. Except as otherwise provided in this Order, all Confidential Material shall be subject to the following restrictions:

    a) The Confidential Material shall not be given, shown, made available or communicated in Unredacted form by any Receiving Person to anyone except those persons specified in subparagraph 6(b) below to whom the Receiving Person reasonably believes it is necessary that such

Confidential Material be given or shown for the purpose permitted under paragraph 3 above.

    b) Except as ordered by the Court, Unredacted Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows and subject to the provisions set forth in paragraph 7 below:

        i. The Parties;

        ii. Counsel of record for each Party, including attorneys, clerical, paralegal, and other staff employed by such counsel, and including any outside vendors providing litigation support or photocopying services, who are assisting in the conduct of the Action (counsel's signature to this Stipulated Protective Order shall be deemed to fulfill all signature requirements of this Order for counsel and the represented Party).

        iii. Witnesses and their counsel (other than Parties) in connection with or at any interview, deposition or hearing in the Action, subject to paragraph 7 below;

        iv. Such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, subject to paragraph 7 below;

        v. The Court, court personnel, potential jurors, jurors, or alternate jurors; and

        vi. Court reporters and their employees used in connection with the conduct of the Action.

6. Each Qualified Person described in subparagraph 6(b)(iii) or 6(b)(iv), above to whom Unredacted Confidential Material is disclosed shall first be provided with a

copy of this Order and advised that such Unredacted Confidential Material is being disclosed pursuant to and subject to the terms of this Order and that the Unredacted Confidential Material may not be disclosed other than pursuant to the terms hereof. It shall be the responsibility of counsel providing access to each Person (other than the Producing Person) to whom Unredacted Confidential Material is disclosed with a copy of this Order. Counsel shall also cause each person described in subparagraph 6(b)(iii) or 6(b)(iv) above to execute a certificate in the form attached as Exhibit A to this Order prior to disclosing any Unredacted Confidential Material and shall be responsible for holding the copy of the executed certificate.

      7. Subject to all provisions of this Protective Order (including those regarding the procedures for challenging a "Confidential Material" designation), information or testimony disclosed at a deposition (and all or part of any exhibits thereto) may be designated as Confidential Material by the Person providing such testimony, by a Party, or by a Producing Person, if such Person either:

      a) Identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

      b) Provides written notification to all Parties within 30 calendar days of receipt of the transcript of the deposition specifying those pages and lines of the transcript, and those portions of deposition exhibits, that are designated as Confidential Material.

      8. In the event a Party reasonably determines that it is necessary at a deposition or hearing to show any Unredacted Confidential Material to a witness, as described in subparagraph 6(b), above, any testimony directly related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 4 of this Order.

      9. Any Party may designate as "Confidential" any portion of a document that is produced or disclosed without such designation by any third party, within thirty (30)

business days of production of such document (or such other time as may be agreed), provided that and to the extent the designating Party reasonably determines that such document contains Unredacted Confidential Material of a designating Party, was given to the non-Party on a confidential basis, and the non-Party was required by statute, law, rule or contract to maintain in confidence.

10. Material that has been designated "Confidential" by this Order, by any Party or by any Producing Person shall not be filed, independently or as an attachment or exhibit to any other document, in the public court file unless Redacted, or except as provided in Civil Local Rule 79-5 and the Honorable Michael Fitzgerald's Procedures and Schedules. In other words, so long as all Protected Health Information ("PHI") and any other private and Confidential Material has been Redacted, the Parties need not treat the information as Confidential.

11. No Party concedes that any Material designated by any other Person as Confidential Material does in fact contain or reflect confidential information or has been properly designated as Confidential Material. There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order, or to use or disclose Redacted Confidential Material.

12. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13. Meet and Confer. A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice or face to face dialogue; other forms of communication are not sufficient) with counsel for the Designating Person, who shall make herself or himself available at a reasonably convenient time within three (3) business days. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating

Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within five business days of the date the challenging Party explains its belief that the confidentiality designation was not proper.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged (or the designating Party refuses timely to engage) in this meet and confer process first.

14. Judicial Intervention.  A Party who elects to press a challenge to a confidentiality designation after considering the justification (if any) offered by the Designating Person may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5 and the Honorable Michael Fitzgerald's Procedures and Schedules, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that sets forth with specificity the justification (if any) for the confidentiality designation that was given by the Designating Person in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Person.  *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Person's designation.

15. Subject to paragraph 3 above, should any non-Party seek access to the Confidential Material, by request, subpoena, or otherwise, then the recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access.  If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he/she or it is a party, or (c) is served with any other legal process by one not a party to this Action seeking Material which was produced and designated as Confidential Material, the Receiving Person shall give

prompt, written notice, by hand, e-mail, or facsimile transmission within ten (10) business days of receipt of such subpoena, demand or legal process, to those who produced and/or designated the Material. The Receiving Person **shall not** produce any of the Producing Person's Unredacted Confidential Material, unless ordered by a court to do so, until the later of (i) ten (10) business days after providing the required notice to the Producing Person, or (ii) the date of production specified in, or required by, the subpoena, demand or other legal process. The Producing Person shall be solely responsible for timely asserting any objection to the requested production.

16. Even after final disposition of this Action, this Order, insofar as it restricts the communication and use of Unredacted Confidential Material, shall remain in effect until a Designating Person agreed otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. However, when offered in evidence at trial, Unredacted Confidential Material will become available to the public, unless sufficient cause is shown in advance of the scheduled trial date to proceed otherwise. In order to permit a Designating Person to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the Unredacted evidence must give notice of intent to introduce the evidence in Unredacted form to counsel for the Designating Person at least ten (10) calendar days before trial. Any party may then move the Court in advance of the trial for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection may be afforded to such Material at trial.

17. After the final disposition of this Action, as defined in paragraph 17, within 60 days of a written request by the Designating Person, each Receiving Party must return all Unredacted Confidential Material to the Producing Party or destroy such material. As used in this subdivision, "all Unredacted Confidential Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Unredacted Confidential Materials. Whether the Unredacted Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Person) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Unredacted Confidential Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Unredacted Confidential Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Unredacted Confidential Material. Any such archival copies that contain or constitute Unredacted Confidential Material remain subject to this Protective Order.

18. Unless the Parties agree or the Court orders otherwise, the Court retains jurisdiction for a period of six (6) months after termination of this Action, to enforce the terms of this Order to make such amendments, or additions to this Order as it may from time to time deem appropriate or may be appropriate upon a motion by any Party.

19. The protection of Confidential Health/Identifying Material and Confidential Business Material at trial will be addressed in the pre-trial order.

20. Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for the

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; [PROPOSED] ORDER

disclosure of information protected by privilege or work product protection, regardless of the steps taken to prevent disclosure.

21. The production of privileged or protected material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Regardless of the steps taken to prevent disclosure, if a party produces information that it discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not constitute a waiver of any applicable privileges or other protection, and the Receiving Party may not argue that the Producing Party failed to take reasonable steps to prevent production of the privileged or protected materials.

22. In such circumstances, the Producing Party must notify in writing the Receiving Party of the production and the basis for the privilege or other protection, and request in writing the return or treatment of the produced privileged or protected information consistent with Federal Rule of Civil Procedure 26(b)(5)(B). When a Producing Party provides such notice, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), and encompass all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected.

23. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

24. In the event that any Producing Party discovers that any Unredacted Confidential Material has been disclosed to any person not entitled under this Protective Order to receive such Unredacted information, the Producing Party, upon discovering the unauthorized disclosure, shall immediately (a) inform the Receiving Party in writing of the circumstances of the disclosure; (b) inform the receiving person or entity of the existence and terms of this Protective Order; (c) make its best efforts to retrieve any unauthorized disclosed documents or Materials; and (d) make its best

efforts to obtain an undertaking in the form attached hereto from the person who was not entitled to receive such Unredacted information. Such unauthorized disclosure shall not cause the disclosed information to lose its confidential status.

25. The failure to designate information under this Stipulated Protective Order prior to or at the time of disclosure shall operate as a waiver of the Producing Party's right to designate such information under this Order unless the Court, on motion and for good cause shown, orders otherwise.

26. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**All other signatories listed, and on whose behalf the filing is submitted, have authorized the filing.**

   **IT IS SO STIPULATED.**

DATED: May 25, 2016                  Respectfully submitted,

                                     **STUBBS ALDERTON & MARKILES, LLP**


                                     By: /s/ Michael A. Sherman
                                         Michael A. Sherman
                                         David S. Gubman
                                         Ryan C. C. Duckett

                                         Attorney for Plaintiffs
                                         Lorena Armijo, Kristen Andrich, Mathew Jurevich, Linda Scognamillo, Kathleen Mitchell, Marcella Armijo, Ralph Mayer, M.D., Inc., Oscar I. Leal, M.D., a Professional Corporation, Beverly Hills Laser and Surgical Center, Inc., John Bohm, M.D., and Karapet Dermendjian, Inc.

15
STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; [PROPOSED] ORDER

| | |
|---|---|
| DATED: May 25, 2016 | **MCCLELLAND ADVOCACY** |
| | By: /s/ Michael D. McClelland |
| | Michael D. McClelland |
| | Attorney for Plaintiffs Lorena Armijo, Kristen Andrich, Mathew Jurevich, Linda Scognamillo, Kathleen Mitchell, Marcella Armijo, Ralph Mayer, M.D., Inc., Oscar I. Leal, M.D., a Professional Corporation, Beverly Hills Laser and Surgical Center, Inc., John Bohm, M.D., and Karapet Dermendjian, Inc. |
| DATED: May 25, 2016 | **ESMERALDA ALFARO, INC.** |
| | By: /s/ Esmeralda A. Alfaro |
| | Esmeralda A. Alfaro |
| | Attorney for Plaintiffs Lorena Armijo, Kristen Andrich, Mathew Jurevich, Linda Scognamillo, Kathleen Mitchell, Marcella Armijo, Ralph Mayer, M.D., Inc., Oscar I. Leal, M.D., a Professional Corporation, Beverly Hills Laser and Surgical Center, Inc., John Bohm, M.D., and Karapet Dermendjian, Inc. |
| DATED: May 25, 2016 | **ADVANCED LAW GROUP, PC** |
| | By: /s/ Sahar Adabzadeh |
| | Sahar Adabzadeh |
| | Attorney for Plaintiffs Lorena Armijo, Kristen Andrich, Mathew Jurevich, Linda Scognamillo, Kathleen Mitchell, Marcella Armijo, Ralph Mayer, M.D., Inc., Oscar I. Leal, M.D., a Professional Corporation, Beverly Hills Laser and Surgical Center, Inc., John Bohm, M.D., and Karapet Dermendjian, Inc. |

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; [PROPOSED] ORDER

| | |
|---|---|
| DATED: May 25, 2016 | **SEYFARTH SHAW LLP** |
| | By: /s/ Kevin J. Lesinski |
| | D. Ward Kallstrom |
| | Kevin J. Lesinski |
| | Jonathan A. Braunstein |
| | Attorney for Defendants ILWU-PMA Welfare Plan, Michael H. Wechsler, Robert L. Stephens, and James C. McKenna |
| DATED: May 25, 2016 | **LEONARD CARDER LLP** |
| | By: /s/ Eleanor Morton |
| | Christine S. Hwang |
| | Eleanor Morton |
| | Lindsay R. Nicholas |
| | Attorneys for Defendant ILWU-PMA Welfare Plan |
| DATED: May 25, 2016 | **HUMBERT LAW OFFICES** |
| | By: /s/ C. Mark Humbert |
| | C. Mark Humbert |
| | Attorneys for Defendant Zenith American Solutions, Inc. |

17

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; [PROPOSED] ORDER

1 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3 | DATED:   May 26, 2016

_/s/ Michael R. Wilner_
The Honorable Michael R. Wilner

# EXHIBIT A

I, _____, am employed as _____ (title) by _____ (employer), and I hereby certify that:

1. I have been provided with a copy of the Protective Order re: Production and Use of Confidential Material in the action captioned *Armijo, et al. v. ILWU-PMA Welfare Plan, et al.*, Case No. 2:15-cv-1403-MWF.

2. I have read the Protective Order re: Production and Use of Confidential Material and understand its terms.

3. I agree to be bound by the terms and conditions of the Protective Order re: Production and Use of Confidential Material entered in the above-captioned action.

4. I understand that my failure to abide by the terms of the Protective Order re: Production and Use of Confidential Material entered in the above-captioned action will subject me, without litigation, to civil and criminal penalties for contempt of Court.

5. I consent to the jurisdiction of the United States District Court for the Central District of California in connection with any proceedings relating to the Protective Order.

6. I made this certificate this _____ (day) of _____ (month), _____ (year).

_____
(SIGNATURE)

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; [PROPOSED] ORDER